**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIO CESAR ORTIZ** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **3-09-CV-736-N** |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**: This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, at Abilene, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Upon his plea of not guilty to the offense of first degree murder as charged in the indictment in F-04-53702-L Ortiz was tried by a jury which found him guilty of first degree of murder and thereafter assessed punishment at a term of life imprisonment. He appealed his conviction and on February 21, 2007, the Fifth Court of Appeals at Dallas affirmed his conviction. His petition for discretionary review was thereafter denied by the Texas Court of

Criminal Appeals on August 20, 2008. On August 7, 2008, Ortiz filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Court of Criminal Appeals denied on February 4, 2009, without written order on the findings of the trial court without a hearing. He filed the present § 2254 petition on April 20, 2009.[1] In response to the petition an answer was filed together with copies of the prior state proceedings. Ortiz filed his reply to the answer on August 24, 2009.

**Findings and Conclusions**: In his first two grounds Ortiz contends that his trial and appellate attorneys failed to provide effective assistance of counsel. The performance of both attorneys is analyzed under the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746 (2000) (holding that the *Strickland* test is the standard to be applied to an appellate attorney's representation).

There is a strong presumption of competent representation by counsel when an attorney's performance is alleged to have been constitutionally infirm. In order to establish ineffective assistance a habeas petitioner must prove both that the attorney's performance was so deficient that it deprived the defendant of the counsel guaranteed under the Sixth Amendment *and* that the attorney's errors were so serious that it resulted in a denial of a fair trial. In addition to the presumption of competence when an appellate attorney's representation is in issue, the law is clear that not every non-frivolous claim must be raised in a direct appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308 (1983).

In response to Ortiz's claim that his appellate counsel rendered ineffective assistance which

---

[1] The petition was "filed" on April 20, 2009, the date on which Ortiz certified that he placed the same in the prison mailing system. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); Rule 3(d), Rules Governing § 2254 Cases.

he asserted in his art. 11.07 application, the trial court requested an affidavit from the attorney. In response John Hagler submitted his affidavit executed on September 12, 2008. *See* WR-71,423-01 at 60-61. In his affidavit the attorney explained why he did not obtain a transcript of the jury voir dire. The trial court in turn found that this was a reasonable strategy decision. *Id.* at 55.

Although the attorney's affidavit did not include any reason for not raising sufficiency of the evidence claims in the petition for discretionary review, the trial court found that Ortiz failed to prove a likelihood of success on these claims had they been presented in the petition. *Id.* at 55-56, ¶¶ 6, 7 and 8.[2]

In order to be entitled to relief on this claim Petitioner must show that there is a reasonable probability that had these grounds been presented in a petition for discretionary review that the Court of Criminal Appeals would have granted the petition and reversed his conviction. Each of these grounds is predicated on Ortiz's testimony which, if believed, constituted evidence of self-defense to the murder charge. As reflected in the direct appeal brief, both the legal and the factual sufficiency of the evidence was attacked. *See* Appellant's brief Issues One, Two and Three. As reflected in the Fifth Court of Appeals' opinion, each claim was addressed and found to be without merit. *See* No. 05-05-01527-CR, opinion filed on February 21, 2007, at 2-3.[3]

---

[2]In his answer Respondent argues that Ortiz's sufficiency of the evidence claims raised in this § 2254 petition are procedurally barred. *See* Grounds Four, Five and Eight and Respondent's answer at 21-22. It is not clear that the Court of Criminal Appeals applied the long-standing refusal to consider an insufficiency of the evidence claim, raised for the first time in a habeas application - *see e.g. Clark v. State of Texas*, 788 F.2d 309, 310 (5th Cir. 1986) - in denying relief since the trial court findings on which its denial was based *did not* invoke this basis for finding that sufficiency of the evidence issues were not cognizable. *See* WR-71,423-01, Findings of Fact, etc. at 54, ¶¶ 2-4 and 9.

[3]In Issue Four of his direct appeal Ortiz sought reversal of a prior case, *Naasz v. State,* 972 S.W.2d 418 (Tex.App.-Dallas 1998, pet. ref'd) addressing the legal sufficiency of a jury's

As summarized in the appellate court's opinion the sole source of Petitioner's self-defense and mitigation evidence was his own, uncorroborated testimony which the jury as finder of fact was free to accept or reject. The undersigned has also reviewed Ortiz's trial testimony. *See* F -04-53702-L, Reporter's Record, Vol. 3 at 63-109, and concludes that his testimony strains common sense and credulity to the maximum. The jury was well within its prerogative to find it was not worthy of belief. Aside from the question of whether counsel should have raised these sufficiency of the evidence issues in the petition for discretionary review, it is clear that Petitioner has failed to establish a reasonable probability that his conviction would have been reversed had such claims been presented in his petition for discretionary review.

His second ground which relates to his trial attorney's performance lists omissions in such conclusary fashion that cognizable grounds for federal habeas relief are absent. *See e,g, Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, Ortiz fails to identify *any* pretrial motion which his trial attorney should have filed. Nor has he cited any case law which holds that an indictment which alleges the offense of murder in the manner set out in F-04-53702-L would be subject to quashal. When a statute establishes different modes or means by which a single offense may be committed, it is permissible for the state to plead all alternative theories of the offense in the conjunctive when any one theory of the offense will support a guilty verdict. *Lawton v. State,* 913 S.W.2d 542, 551 (Tex.Crim.App. 1995). Petitioner has failed to present any evidence that any jury venire persons were peremptorily challenged on the basis of race or sex and therefore there was

---

rejection of a claim that a defendant acted under the influence of sudden passion. Having found that the jury's rejection of this mitigating factor was not factually insufficient, the Fifth Court of Appeals, declined to reconsider the *Naasz* case. *Id.* at 4.

no basis for a *Batson*[4] claim.

The record shows that Petitioner's prior felony convictions were disclosed in the course of his direct examination. *See* F-04-53702-L, Reporter's Record, Vol. 3 at 64. It is well settled that witness's credibility may be impeached by his prior felony convictions. As a matter of trial strategy it is a common practice of a party calling a witness to elicit the witness's prior felony conviction record rather than allowing counsel for an opposing party to disclose the record on cross examination. Since no meritorious objection could have been made, no deficient conduct can be demonstrated.

The record further establishes that the remarks attributed to the prosecutor as alleged in Ortiz's art. 11.07 application and in his § 2254 petition are inaccurate. Rather, the prosecutor argued that "violence is like a virus," Reporter's Vol. 3 at 173, which "is carried by whoever chooses to perpetuate the violence ... like Julio Oritz." and that Petitioner "reached out and infiltrated this virus into the community," *Id.* at 175. Neither the remarks inaccurately attributed to the prosecutor nor the statements which were actually made could have been the basis for a meritorious objection.

Finally, an ineffective assistance of counsel claim cannot be sustained based upon the fact that Rosie Sanchez was not called as a witness. As the trial court noted in its findings in Petitioner's art. 11.07 application, "Ortiz fails to present evidence or affidavit concerning the proffered testimony of Rosie Sanchez. The court will not speculate on what that testimony would have been." WR-71,423-01 at 58, ¶8. *See also Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001). To present a cognizable claim based upon a failure to call a witness at trial, a petitioner must present evidence not only of what such individual would have given in his favor, but also that the person

---

[4]*Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986).

was available and willing to testify.

Although Ortiz claims that he was denied a fair and impartial jury in his third ground, it is in fact based upon an alleged erroneous evidentiary ruling by the trial judge and an alleged error in the court's jury charge. In addressing these claims in the art. 11.07 application the trial court found that the admissibility of Petitioner's unsolicited statement at the time of his arrest could have been raised on direct appeal, WR-71,423-01 at 54, ¶ 7, and that the issue on the unanimity of the jury verdict was raised in his direct appeal, *Id.* at ¶ 5. In his answer Respondent contends that merits review of this ground is procedurally barred. Answer at 21. The record affirmatively establishes that his jury charge error was presented in his petition for discretionary review, Appellant's petition for discretionary review, Ground for Review Number Two. Therefore, this claim has been exhausted and is not procedurally barred. Although a timely objection was made to the admission of Officer Conway's testimony relating to Ortiz's unsolicited comments, *See* No. F-04-53702-L, Reporter's Record, Vol. 2 at 143-146, this evidentiary ruling was not urged as a point of error on appeal. The state trial court cited *Ex Parte Cruzata*, 220 S.W.3d 518, 520 (Tex.Crim.App. 2007) for the proposition that a habeas applicant cannot seek relief on a claim that could have been raised on direct appeal. WR-71,423-01 at 54, ¶¶ 1, 7 and 9.[5] Therefore, this court is procedurally barred from addressing the merits of the trial judge's evidentiary ruling. Moreover, since Petitioner's statements were not in response to custodial interrogation there was no violation of his constitutional rights. *See e.g. United States v. Navar*, 611F.2d 1156 (5th Cir. 1980).

The claimed error in a court's charge to the jury fails to present a cognizable claim for federal habeas relief unless it is shown that the failure to give a requested instruction so infected the

---

[5]*See also Ex Parte Nelson,* 137 S.W.3d 666 (Tex.App. 2004).

entire trial as to violate due process. *See Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730) (1977). The Fifth Court of Appeals opinion thoroughly examined this claim and found it wanting. *See* No. 05-05-01527-CR, opinion filed on February 21, 2007, at 4-5. The charge to the jury did not violate Ortiz's right to due process.[6]

Grounds Four, Five and Eight raise sufficiency of the evidence claims. Respondent argues that each of these claims is procedurally barred. As discussed above in addressing Ortiz's claim that his appellate attorney failed to provide effective assistance of counsel, it is unclear whether the Court of Criminal Appeals applied a procedural bar to consideration of these sufficiency of the evidence claims in his art. 11.07 application. *See* note 1, *supra.* However, even if merits review is not procedurally barred, it is clear that he cannot prevail on the merits on these claims, to wit: proving that viewing all of the evidence in the light most favorable to the prosecution a reasonable jury could not have found Petitioner guilty of the offense of murder. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979).

In his ninth and final ground for relief Ortiz attacks the Texas courts' refusal to overrule an earlier decision of the Fifth Court of Appeals - *Naasz v. State*, 972 S.W.2d 418 (Tex.App.-Dallas 1998, pet. ref'd). This ground raises a matter of state law only and since it does not involve the application of clearly established Federal law, as determined by the Supreme Court of the United

---

[6]Grounds Six and Seven are merely variations on the jury instruction issue asserted in Ground Three and for the same reasons noted above fail to present bases for habeas relief.

States, 28 U.S.C. § 2254(d)(1), it fails to state a cognizable claim for federal habeas corpus relief.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 27th day of October, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).